959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeri Lynn THOMPSON, individually and as Guardian ad Litem
for Nicole L. Thompson, a minor, and Joseph
Deshetres, Plaintiffs-Appelles,
v.
Larry Wayne MAHRE, Defendant,
and
Michael Steen, Defendant-Appellant.
 No. 91-15055.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1992.
Decided April 2, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal arises out of a rather complex 42 U.S.C. § 1983 action involving forcible entry of a residence used as a motorcycle gang clubhouse. At issue here is solely the question whether the district court erred in denying defendant Sergeant Steen's motion for summary judgment based upon qualified immunity. We have jurisdiction of an appeal from an interlocutory order for such review. Mitchell v. Forsyth, 472 U.S. 511 (1985). Steen is entitled to qualified immunity if his decision to dispense with knock-notice was "objectively legally reasonable" in light of clearly established law. Anderson v. Creighton, 483 U.S. 635, 639 (1987).
 
 
 3
 Before the district court considered Steen's motion for summary judgment, it held an evidentiary hearing to determine, inter alia, whether the forcible entry, instigated by Sergeant Steen, violated the fourth amendment prohibition against unreasonable searches and seizures. Ker v. State of California, 374 U.S. 23 (1963) (fourth amendment, as applied to the states through the fourteenth amendment, protects against unannounced police entry absent exigent circumstances). In its order of February 9, 1990, the district court found, and it is not here disputed, that the officers after announcing their arrival waited only seven to ten seconds before beginning their forcible entry with a battering ram. The district court concluded that this was not in compliance with the knock-notice requirement because the police did not wait a sufficient amount of time after announcing their presence before beginning their forcible entry.
 
 
 4
 Steen maintains in this appeal that he is entitled to qualified immunity because he objectively reasonably believed that immediate entry was justified by exigent circumstances. The claimed exigency was a warning, presumably received by occupants of the house, given by a pick-up driver who witnessed the arrival of the police and retreated back toward the residence.
 
 
 5
 Exigent circumstances are those "that would cause a reasonable person to believe that entry ... was necessary to prevent physical harm to the officers or other persons." United States v. Lindsey, 877 F.2d 777, 780 (9th Cir.1989) (quotation omitted). Exigent circumstances also exist where an officer has probable cause to believe that evidence is being destroyed, see United States v. Moreno, 701 F.2d 815, 818 (9th Cir.1983), vacated on other grounds, 469 U.S. 913 (1984), or that occupants are armed and intend to resist violently, see United States v. Scott, 520 F.2d 697, 700-01 (9th Cir.1975), cert. denied, 423 U.S. 1056. The district court carefully examined whether the facts of this case, as perceived by Sargent Steen, presented any one of these recognized exigencies.
 
 
 6
 The district court found that no exigent circumstance excused Sergeant Steen's failure to comply with the knock-notice requirement. There was no objective basis for the police to believe that many people were inside the house preparing to give armed resistance, nor was there any indication that evidence was being destroyed or that occupants were attempting to escape. The police were positioned to act, however, had any one of these exigencies developed.
 
 
 7
 In the absence of any clearly established basis for exigency, the district court focused on Steen's belief that there had been a warning to the occupants of police presence. The court considered whether the warning, without independent evidence of armed resistance or evidence destruction, created exigent circumstances. The court found that the warning was so close in time to the officer's announcement at the front door, that the warning coupled with the few seconds the police waited after their announcement, would have given the plaintiffs no more time to respond to the officer's arrival, than the plaintiffs would have had if the officers had complied with the knock-notice requirement. Therefore, it was not objectively reasonable for Sergeant Steen to believe that the presumed warning from the pick-up driver, in the absence of any other perceived risk of violence or destruction of evidence, created any sort of exigency. As the district court explained:
 
 
 8
 [T]he specific facts that support Steen's reasonable belief that plaintiffs' residence would be occupied by Deshetres when defendants executed the warrant, that Deshetres might react with armed resistance, and that Deshetres was given some warning of the police's approach, does not excuse his failure to comply with the knock-notice rule. These facts do not raise the presumption that officers' safety was endangered to the point necessary for this court to find that exigent circumstances existed. Likewise, defendants have not demonstrated exigent circumstances based on the possibility that plaintiffs would destroy evidence.
 
 
 9
 Based upon the district court's factual findings, which are not clearly erroneous, that conclusion is sound.
 
 
 10
 The district court did engage in the kind of fact-specific analysis required by Anderson v. Creighton, 483 U.S. 635, 641 in assessing whether Sargent Steen's conduct was objectively reasonable. Appellant has not set forth any legal or factual basis to undermine the district court's ruling that Steen was not entitled to summary judgment on the issue of qualified immunity. Accordingly, we affirm. The result of our affirmance on this interlocutory appeal of the district court's denial of a summary judgment motion based upon qualified immunity issue is to return the qualified immunity issue to the district court for determination on its merits. We express no view on those merits here, nor do we resolve whether the course of future proceedings is limited by an understandings reached by the parties, by any waiver arising form the parties' conduct in prior proceedings, or by any prior ruling of the district court which may obviate the need for further evidentiary proceedings.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3